UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC LANDIS, )<br>Defendant. ) | Criminal No. 18-10443-IT |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**TALWANI, D.J.**

WHEREAS, on November 27, 2018, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Eric Landis (the "Defendant") with Securities Fraud; Aiding and Abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2 (Count One);

WHEREAS, the Information also included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the

value of such assets described in the paragraphs above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on January 4, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on December 4, 2018;

WHEREAS, in Section 9 of the plea agreement, the Defendant acknowledged that the Court will enter an order of forfeiture as part of Defendant's sentence and that the United States would seek an Order of Forfeiture (Money Judgment) equal to the amount of proceeds the Defendant obtained as a result of the offense, and which shall be subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds the Defendant obtained (directly or indirectly), as a result of the crime to which he is pleading guilty. The United States has identified $2,505,488 as the amount of proceeds the Defendant obtained as a result of the offense after deducting the costs of his illegal trading;

WHEREAS, detailed more fully in the Probation Department's Presentence Investigation Report, the Defendant received $3,318,580 for his illegal conduct.[1] The Defendant engaged in a scheme to defraud investors in at least 97 publicly traded companies through fraudulent trading and market manipulation. At the Rule 11 hearing, the Defendant admitted that he engaged in manipulative trading to make it appear that to the people who paid him $3.3 million that he "was doing his job" and that he received approximately $3.3 million to promote various microchip securities, which he created the appearance of promoting by placing thousands of manipulative trades;

---

[1] The Government agrees with the Defendant's objection to the PSR that a transfer of $31,061.35 should not count as revenue from the scheme. Accordingly, the Government has not included that amount in the calculation of the forfeiture money judgment.

2

WHEREAS, the government and the Defendant agreed that the Defendant's trading costs were $813,092;

WHEREAS, based on the aforementioned information, the Defendant's plea agreement, and the Defendant's guilty plea on January 4, 2019, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $2,505,488, pursuant to 18 U.S.C. §§ 981(a)(1) and (a)(2) and 28 U.S.C. § 2461(c); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States $2,505,488, pursuant to 18 U.S.C. §§ 981(a)(1) and (a)(2) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. At sentencing, the court orally announced that the government's <u>Motion for Order of Forfeiture</u> [#52] would be addressed separately, and postponed a determination of the amount subject to forfeiture pending further briefing. Having now granted that motion, <u>see</u> Order [#65], this Order of Forfeiture shall be imposed in an amended criminal judgment.

Dated: 8/12/2020

*/s/ Indira Talwani*
INDIRA TALWANI
United States District Judge